# EXHIBIT A

FILED
08-27-2019
Clerk of Circuit Court
Waukesha County
2019CV000867

STATE OF WISCONSIN    CIRCUIT COURT    WAUKESHA COUNTY

NATALIE MIZYSAK
c/o DeLadurantey Law Office,
330 S. Executive Dr., Suite 109
Brookfield, WI 53005
on behalf of herself and others
similarly situated,

                Plaintiff,

                                            Case No. 2019CV000867

       vs.                            AMOUNT CLAIMED IS OVER $10,000

                                                  Case Code: 30301

LVNV FUNDING LLC
200 MEETING STREET, #206
CHARLESTON, SC 29401,


RESURGENT CAPITAL SERVICES, LP
55 BEATTIE PLACE, SUITE 110
GREENVILLE, SC 29601,


DAUBERT LAW FIRM, LLC
1 CORPORATE DRIVE, SUITE 400
WAUSAU, WI 54401,


INVESTINET, LLC
511 RHETT STREET, SUITE 1A
GREENVILLE, SC 29601,

                and

CENTERPOINT LEGAL SOLUTIONS, LLC
2700 SNELLING AVE., SUITE 250
ROSEVILLE, MN 55113,

                Defendants.

## FIRST AMENDED CLASS ACTION COMPLAINT

NOW COMES, Plaintiff Natalie Mizysak (f/k/a Natalie Castro), by and through her attorney, Nathan DeLadurantey of DeLadurantey Law Office, LLC, and complains of Defendants LVNV Funding, LLC, Resurgent Capital Services, L.P., InvestiNet, LLC, Daubert Law Firm, LLC, and CenterPoint Legal Solutions and alleges to the best of her knowledge, information and belief formed after an inquiry reasonable under the circumstances, the following:

## INTRODUCTION

1. This lawsuit arises from the collection attempts of the Defendants.

2. Cause of Action herein are brought under the Wisconsin Consumer Act ("WCA"), Wis. Stat. 421 *et seq* and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692 *et seq*.

## JURISDICTION

3. This Court has subject matter jurisdiction pursuant to Wis. Stat. § 801.04(1) because the Court has the power to hear the claims for relief sought pursuant to the Constitution and statutes of the State of Wisconsin. The Court has concurrent jurisdiction over the federal claims. The Court has personal jurisdiction over Defendant pursuant to Wis. Stat. § 801.05(d) because Defendant does business in Wisconsin.

4. Venue is proper in Waukesha County pursuant to Wis. Stat. § 801.50(2)(a) because Plaintiff was a resident in this venue and the damages occurred herein. Defendants violative actions occurred in Waukesha County and were directed into, and at, Waukesha County.

## PARTIES

5. Plaintiff Natalie Mizysak (hereinafter "Mrs. Mizysak") is a natural person who resided in the County of Waukesha, State of Wisconsin, during the timeframes of this case.

6. Defendant LVNV Funding, LLC (hereinafter "Defendant LVNV") is a foreign business with a principal office of 1703 Laurel Street, Columbia, South Carolina 29223, and a registered agent of Corporation Service Company, 1703 Laurel Street, Columbia, SC 29201.

7. Defendant LVNV is a "debt collector" pursuant to 15 U.S.C. § 1692a(6).

8. Defendant LVNV is a "debt collector" pursuant to Wis. Stat. § 427.103(3).

9. Defendant LVNV is liable for the acts of its employees, agents, and independent contractors, and those of its subsidiaries and affiliates, under theories of respondeat superior, agency, and vicarious liability, as it relates to the allegations in this case.

10. Defendant Resurgent Capital Services (hereinafter "Defendant Resurgent") is a foreign business with a principal office of 55 Beattie Place, Suite 110, MS 300, Greenville, SC 29601, and a registered agent of Corporation Service Company, 8040 Excelsior Drive, Suite 400, Madison, WI 53717.

11. Defendant Resurgent is a "debt collector" pursuant to 15 U.S.C. § 1692a(6).

12. Defendant Resurgent is a "debt collector" pursuant to Wis. Stat. § 427.103(3).

13. Defendant Resurgent is liable for the acts of its employees, agents, and independent contractors, and those of its subsidiaries and affiliates, under theories of respondeat superior, agency, and vicarious liability, as it relates to the allegations in this case.

14. Defendant InvestiNet, LLC (hereinafter "Defendant InvestiNet") is a foreign business with an office address at 511 Rhett Street, Suite 1A, Greenville, SC 29601, and listed registered agent Corporation Service Company, 8040 Excelsior Drive, Suite 400, Madison, WI 53717.

15. Defendant InvestiNet is a "debt collector" pursuant to 15 U.S.C. § 1692a(6).

16. Defendant InvestiNet is a "debt collector" pursuant to Wis. Stat. § 427.103(3).

17. Defendant InvestiNet is liable for the acts of its employees, agents, and independent contractors, and those of its subsidiaries and affiliates, under theories of respondeat superior, agency, and vicarious liability, as it relates to the allegations in this case.

18. Defendant Daubert Law Firm, LLC (hereinafter "Defendant Daubert") is a business with a principal office of 1 Corporate Drive, Suite 400, Wausau, WI 54401-1727, and a registered agent of Daniel D. Daubert, 1 Corporate Drive, Suite 400, Wausau, WI 54401-1727.

19. Defendant Daubert is a "debt collector" pursuant to 15 U.S.C. §1692a(6).

20. Defendant Daubert is a "debt collector" pursuant to Wis. Stat. § 427.103(3).

21. Defendant Daubert is liable for the acts of its employees, agents, and independent contractors, and those of its subsidiaries and affiliates, under theories of respondeat superior, agency, and vicarious liability, as it relates to the allegations in this case.

22. Defendant CenterPoint Legal Solutions, LLC (hereinafter "Defendant CenterPoint") is a foreign business with an office address at 2700 Snelling Ave N, #250, Roseville, MN 55113, and a listed registered agent at the same address.

23. Defendant CenterPoint is a "debt collector" pursuant to 15 U.S.C. § 1692a(6).

24. Defendant CenterPoint is a "debt collector" pursuant to Wis. Stat. § 427.103(3).

25. Defendant CenterPoint is liable for the acts of its employees, agents, and independent contractors, and those of its subsidiaries and affiliates, under theories of respondeat superior, agency, and vicarious liability, as it relates to the allegations in this case.

## FACTUAL ALLEGATIONS

26. In 2007 a company called "Arrow Financial, LLC" (hereinafter "Arrow Financial") took a judgment against Plaintiff in Milwaukee County, Case No. 2007SC042640 (hereinafter "Milwaukee County Case").

27. That judgement sat dormant for years

28. One day in 2016, Defendant LVNV arrived on the scene and asserted that it was the assignee of Arrow Financial, the judgment holder.

29. However, Defendant LVNV had a problem – Arrow Financial was no longer in business in 2016.

30. Defendant LVNV was represented by Defendant Daubert Law Firm, LLC in the Milwaukee County Case and aware that Arrow Financial was required to execute the assignment of judgment from Arrow Financial to Defendant LVNV. *See* Wis. Stat. § 806.18(2).

31. However, Defendant LVNV had a rather contorted, illicit, and improper relationship with Defendants Resurgent, InvestiNet, CenterPoint and Daubert in connection with their collection activities.

32. In 2016, Defendant LVNV had executed an alleged "power of attorney" that gave Defendant Resurgent the right to collect on its behalf.

33. Defendant Resurgent then retained Defendant InvestiNet to collect on the judgments.

34. Defendant InvestiNet then retained Defendant Daubert to collect on the judgments.

35. In this game of "collection telephone," Defendant Daubert had no interaction with (nor spoke to) Defendants Resurgent or LVNV. Defendant Daubert only communicated with Defendant InvestiNet on the account.

36. When Defendant Daubert realized it needed an assignment of judgment in 2016, it could not and did not actually speak to the judgment holder, Defendant LVNV.

37. Instead, Defendant Daubert contacted Defendant InvestiNet for the necessary assignment.

38. Defendant InvestiNet was responsible for the drafting of the assignment of judgment, and for procuring the relevant and necessary signatures of the judgment holder.

39. Defendant Daubert did not draft the assignment of judgment, nor did they participate the contents therefore. Further, they played no role in the procurement of the signatures of the judgment holder.

40. After drafting the assignment of judgment and procuring the allegedly necessary signatures, Defendant InvestiNet would send the signed assignment to Defendant Daubert.

41. Defendant Daubert would thereafter file the assignment. At no time prior to the filing of the affidavit of assignment did any lawyer at Defendant Daubert review the assignment. The role of Defendant Daubert was merely to request the document and then rubber-stamp and file the assignment.

42. In 2018, Defendant Resurgent would change gears and hire Defendant CenterPoint to collect on the invalidly assigned judgment. Defendant CenterPoint would retain Defendant Daubert to again collect on the judgment.

43. Under Wis. Stat. § 218.04(1)(a), Defendant CenterPoint is a collection agency. However, Defendant CenterPoint does not possess the requisite collection agency license to engage in debt collection in Wisconsin.

44. Because Defendant CenterPoint was operating as a collection agency in Wisconsin, without a license, its actions herein were in violation of Wisconsin's collection regulations.

45. Specifically, Wis. Stat. § 218.04 incorporates the provisions of DFI-Bkg 74 in connection with the types of permissible – and impermissible – behaviors. Defendant CenterPoint's actions described here in were in violation of the WCA and FDCA, actions specifically prohibited by Wisconsin statute.

46. Under Wis. Stat. § 218.04(1)(a), Defendant InvestiNet is a collection agency. However, Defendant InvestiNet does not possess the requisite collection agency license to engage in debt collection in Wisconsin.

47. Because Defendant InvestiNet was operating as a collection agency in Wisconsin, without a license, its actions herein were in violation of Wisconsin's collection regulations.

48. Specifically, Wis. Stat. § 218.04 incorporates the provisions of DFI-Bkg 74 in connection with the types of permissible – and impermissible – behaviors. Defendant CenterPoint's actions described here in were in violation of the WCA and FDCA, actions specifically prohibited by Wisconsin statute.

49. Defendant InvestiNet engaged in the unauthorized practice of law in violation of DFI-Bkg 74.15. Specifically, when it prepared the assignment of judgment without the assistance of a duly licensed Wisconsin lawyer, and thereafter procured a signature from the incorrect party on the same. Further, the assignment of judgment was prepared, signed, and filed without meaningful (or alternatively, any) input or direction from an attorney at Defendant Daubert.

50. Defendant InvestiNet engaged in what amounts to "rent a law license" whereby out of state collection agencies (that do not hold a Wisconsin law or collection license) contract with a Wisconsin lawyer to file and rubber-stamp documents for them.

51. This "rent a law license" model was entered into knowingly and intentionally by the parties, with actual (or constructive) knowledge that the "end user lawyer" had no control over the drafting and/or signatories on the assignments.

52. This "rent a law license" model played out when Defendant Daubert contacted Defendant InvestiNet, who contacted Defendant Resurgent, who had some "authorized" individual sign the document drafted by a non-lawyer.

53. However, even a cursory and facial review of the assignment of judgment would reveal it was false, incomplete, illegal, and otherwise void. However, as Defendant Daubert had delegated it's legal duties to Defendant InvestiNet (who in turn relied on Defendant Resurgent and LVNV), who drafted the false, incomplete, illegal, and otherwise void affidavit was used in the case.

54. Defendant LVNV signed a false, incomplete, illegal, and otherwise void affidavit. A true and correct copy of this affidavit is attached as Exhibit A. The affidavit was the template affidavit used in all the purported assignments used in connection with the old Arrow Financial judgments.

55. The affidavit fails to comply with the requirements of Wis. Stat. § 806.18(2) and show legal and valid proof of the execution of the judgment from the current holder to Defendant LVNV.

56. All Defendants knew, or should have known, that the affidavit was false, incomplete, illegal and otherwise void at the time of filing and later collection attempts.

57. Defendants filed an affidavit asserting a legal right to the assignment of the judgment, when the document did not comply with the statute and convey such a right.

58. Defendants later asserted a right to collect on the debt and sent various debt collection letters to Plaintiff. Defendants LVNV, Resurgent, and Daubert later garnished Plaintiff's wages on this invalidly held judgment. Defendant CenterPoint also joined in on the collection attempts on the invalid judgment in 2018.

59. Defendants LVNV, Resurgent, Daubert, and CenterPoint docketed the invalid and illegal judgment in Waukesha County (where it operated as a lien against Plaintiff's property) and garnished Plaintiff's wages, as mentioned above. Defendant CenterPoint also joined in on the collection attempts on the invalidly assigned judgment and wage garnishment in 2018.

60. Defendants' knew (or should have known) that they had failed to comply with the statute on the valid assignment of judgments, and that they did not have a legal right to collect on the judgment.

61. Defendants CenterPoint and InvestiNet knew that they did not have a legal right to collect on the judgment, as they were not licensed to collect on debts in Wisconsin. Defendant CenterPoint and InvestiNet's actions described here in were in violation of the WCA, FDCA, and Wisconsin collection agency licensing regulations (Wis. Stat, § 218), and were actions specifically prohibited by Wisconsin statute.

62. Defendants' actions directed at Plaintiff were routinely and regularly conducted on other Arrow Financial judgments, and thereafter resulted in illegal and impermissible collection activities being directed as Wisconsin consumers.

63. Defendants intentionally filed the incorrect, incomplete, and legally insufficient document with actual (or constructive) knowledge that it had not complied with the Wisconsin statute governing their attempt to become the judgment holder and later collect thereon.

**CLASS ALLEGATIONS**

64. Plaintiff incorporates by reference all the foregoing paragraphs.

65. Defendants alleged a right to collect on judgments that was not legally assigned to them, in violation of Wisconsin consumer protection statutes.

66. Further, Defendant CenterPoint and InvestiNet engaged in unlicensed collection activities in Wisconsin.

67. ~~Upon information and belief, Defendants have taken these actions as a regular part of their business practices.~~

68. Plaintiff brings this action individually and as a statewide class action.

69. Pursuant to Wis. Stat. Wis. Stats. §§ 426 and 803.08 Plaintiff seeks to certify the following classes:

Sub-Class A:

> *(a) All natural persons in the State of Wisconsin (b) who had an original judgment against them by Arrow Financial Services, LLC, (c) on a consumer debt in an original financed amount of $25,00) or less, (d) and thereafter Defendant LVNV Funding, LLC filed an assignment of the judgment to themselves, (e) in the six years prior to the filing of this case through the date of class certification.*

Sub-Class B:

> *(a) All natural persons in the State of Wisconsin (b) at whom InvestiNet, LLC and/or CenterPoint Legal directed any collection action (directly or through a thirdparty) (c) on a consumer debt in an original financed amount of $25,00) or less, (e) in the six years prior to the filing of this case through the date of class certification.*

70. The Class shall be subject to the following exclusions, who are not members of the Class, eligibility according to the above criteria notwithstanding:

> *All (1) Counsel for Plaintiffs and the Class, (2) Counsel for Defendant, and (3) the assigned Judge and their clerks and staff.*

71. This action is properly maintainable as a class action under requirements set forth within Wis. Stats. §§ 426 and 803.08, for the reasons set forth below.

### *Numerosity*

72. Defendants have sought collection Wisconsin consumers over debts improperly and illegally allegedly assigned to them, and using illegal, harassing, and abusive collection behavior.

73. Defendants CenterPoint and InvestiNet have also engaged in collection of debts without the requisite license, and thereafter violated the regulations and restrictions on debt collection in Wisconsin.

74. Defendants practice of collecting on these debts, if provided, would be so numerous that joinder of all consumers in this lawsuit would be impracticable.

75. Therefore, the estimated number of class members is in excess of 100 persons.

### *Commonality*

76. All members of the Class had their rights violated in the same manner by the same illegal actions of Defendants.

77. Common evidence exists, in particular a list of customers in Wisconsin who have had a debt incorrectly and illegally allegedly assigned and later collected by Defendants, and customers that were subjected to collection activities by Defendants CenterPoint and InvestiNet, and thereafter violated the regulations and restrictions on debt collection in Wisconsin.

78. Relief under the WCA and FDCPA is directed based upon the common conduct of Defendants, and not the subjective, individual experiences of members of the Class.

### *Typicality*

79. Plaintiff has the same claims to relief as do all other members of the Class.

80. Any defenses that Defendants may have to liability with respect to Plaintiff's claims would be generally applicable to all members of the Classes.

### *Adequacy*

81. Plaintiff brings this lawsuit after an investigation of Defendants' alleged misconduct.

82. Plaintiff brings this lawsuit with the intention to stop Defendants' unlawful practices and recovery remedies for all consumers affected.

83. Plaintiff will continue to vigorously pursue relief for the Class.

84. Nathan DeLadurantey, of DeLadurantey Law Office, LLC, has been certified as class counsel in another class action enforcing consumer rights laws in Wisconsin, and is a frequent and respected consumer rights litigator in Wisconsin.

85. Plaintiff and her counsel are committed to expending the time, energy, and resources necessary to successfully prosecute this action on behalf of the Classes.

### *Predominance*

86. Statutory relief under the WCA and FDCPA follows from evidence that Defendants acted in a manner common to the entire class and not the subjective experience of any one complainant.

87. Common issues will predominate substantially over individual issues in the ultimate resolution of this action for the classes.

### *Superiority*

88.　　Plaintiff and her counsel are not aware of any other pending actions against Defendants related to the allegations in this Amended Complaint.

89.　　Members of the Class have little interest in individual control over this action given the amounts at stake compared to the cost, risk, delay, and uncertainty of recovery after prosecuting a lawsuit.

90.　　Upon information and belief, few members of the Class are aware that Defendants' actions were unlawful.

91.　　The class notice mechanism provides an opportunity for uninformed members of the Class to learn about their rights and obtain relief where they otherwise would not have.

## CAUSES OF ACTION

### COUNT I.

### Wisconsin Consumer Act – Wis. Stat. § 427.104

92.　　Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

93.　　Under Wis. Stat. §427.104(h), a debt collector cannot "[e]ngage in, conduct which can reasonably be expected to, harass the customer or a person related to the consumer."

94.　　Defendants' actions as described herein, can reasonably be expected to harass someone.

95.　　Also, Defendants CenterPoint and InvestiNet's actions of engaging in collection in Wisconsin without the requisite license (and the violative nature of their actions of Wisconsin collection regulations) can reasonably be expected to harass someone.

96.　　Under Wis. Stat. § 427.104(j), a debt collector cannot "[c]laim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist."

97.     Defendants had knowledge that they had no right to collect on the debt due to the legally invalid assignment. Such actions can are a claim to enforce a right with knowledge it does not exist.

98.     Defendants CenterPoint and InvestiNet had knowledge that they had no right to engage in collection actions in Wisconsin. Such actions are a claim to enforce a right with knowledge that it does not exist.

99.     As a result of the above and continuing violations of the WCA, Defendant is liable to the Plaintiff and the putative class in the sum of actual damages, statutory damages, punitive damages, costs, disbursements, and reasonable attorneys' fees, along with any appropriate injunctive relief.

## COUNT II

### Fair Debt Collection Practices Act – 15 U.S.C. 1692, *et seq*

100.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

101.    Plaintiff is a consumer as defined by 15 U.S.C. §1692a(3).

102.    The foregoing acts of the Defendants and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1), with respect to the Plaintiff.

103.    Specifically, under 15 U.S.C. § 1692d, a debt collector cannot engage in conduct which has the natural consequence to harass, oppress, or abuse a consumer, which Defendants did when they tried to collect on a false, incomplete, illegal and otherwise void assignment of judgment, and when Defendants InvestiNet and CenterPoint engaged in Wisconsin collection

activities without a license (and the violative nature of their actions of Wisconsin collection regulations).

104. Specifically, under 15 U.S.C. § 1692e(2), a debt collector cannot make a false representation about the amount of debt owed, which when they tried to collect on a false, incomplete, illegal and otherwise void assignment of judgment, and when Defendants InvestiNet and CenterPoint engaged in Wisconsin collection activities without a license (and the violative nature of their actions of Wisconsin collection regulations).

105. Specifically, under 15 U.S.C. § 1692e(5), a debt collector cannot make a threat to take an action which they legally cannot, which Defendants did when they tried to collect on a false, incomplete, illegal and otherwise void assignment of judgment, and when Defendants InvestiNet and CenterPoint engaged in Wisconsin collection activities without a license (and the violative nature of their actions of Wisconsin collection regulations).

106. Under 15 U.S.C. § 1692e(10), a debt collector cannot use false representation or deceptive means to collect, which Defendants did when they tried to collect on a false, incomplete, illegal and otherwise void assignment of judgment, and when Defendants InvestiNet and CenterPoint engaged in Wisconsin collection activities without a license (and the violative nature of their actions of Wisconsin collection regulations).

107. Under 15 U.S.C. § 1692f(1), a debt collector cannot collect an amount which it is not authorized to collect, which Defendants did when they tried to collect on a false, incomplete, illegal and otherwise void assignment of judgment, and when Defendants InvestiNet and CenterPoint engaged in Wisconsin collection activities without a license (and the violative nature of their actions of Wisconsin collection regulations).

108.  Plaintiff has suffered actual damages as a result of these illegal collection communications, including emotional distress in the form of anger, anxiety, emotional distress, humiliation, frustration, amongst other negative emotions.

109.  Plaintiff ad the Class are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## TRIAL BY JURY

110.  Plaintiff is entitled to, and hereby demands a trial by jury.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that a Judgment be entered against Defendants awarding her and the putative class the following relief:

   a. certifying the action as a class;
   b. ordering that Plaintiff's counsel be named as class counsel;
   c. awarding Plaintiff and the putative class appropriate damages, actual damages, statutory damages, punitive damages (if the evidence so warrants), actual costs, and attorneys' fees, under Wis. Stat. § 427.105;
   d. voiding all judgments that Defendant illegally and impermissibly "assigned," and any other appropriate declaratory and/or injunctive relief;
   e. actual costs, and attorneys' fees, under Wis. Stat. § 425.308;
   f. an order enjoining Defendant from further violations of the Wisconsin Consumer Act and/or Fair Debt Collection Practices Act relative to their collection practices;
   g. that judgment be entered against Defendants for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B);
   h. That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3);
   i. That the Court grant declaratory and injunctive relief, in the form of finding Defendant's conduction to violate the law and prohibiting them from continuing their collection practices; and
   j. such other and further relief as the court deems just and equitable.

Dated this 27th day of August, 2019.

            s/ Nathan DeLadurantey
            Nathan E. DeLadurantey, 1063937
            DELADURANTEY LAW OFFICE, LLC
            330 S. Executive Drive, Suite 109
            Brookfield, WI 53005
            (414) 377-0515; (414) 755-0860 - Fax
            nathan@dela-law.com

            *Attorney for the Plaintiff and Putative Class*